**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THEODORE HEINEMANN, | Case No. 12-cv-02469 NC |
| Plaintiff, | **ORDER TRANSFERRING CASE FOR IMPROPER VENUE** |
| v. | |
| M. WILLIAMS, | |
| Defendant. | |

Plaintiff Theodore Heinemann brings this claim against Defendant M. Williams, an officer with the California Highway Patrol, for the use of excessive force and false imprisonment. The issue is whether Heinemann has brought his claim in the proper venue. Because the events Heinemann describes in his complaint occurred in Solano County, which lies in the Eastern District of California, and Heinemann does not allege facts indicating that Williams resides in the Northern District, the Court TRANSFERS the action to the Eastern District.

**I. BACKGROUND**

**A.    Procedural history**

Heinemann filed his complaint against Williams in this Court on May 15, 2012. Dkt. No. 1. He is proceeding in forma pauperis. Dkt. No. 4. On June 21, 2012, Heinemann moved for summary judgment on the grounds that Williams failed to file an answer. Dkt.

No. 6. This Court dismissed without prejudice the motion for summary judgment because Williams had not yet been served. Dkt. No. 8. The U.S. Marshal served the summons and complaint by leaving them with Sergeant Jeff Page at the California Highway Patrol Office in Fairfield, California on August 9, 2012. Dkt. No. 11. Williams alleges this service was improper and moves to dismiss. Dkt. No. 12.

On August 22, 2012, this Court ordered Heinemann to show cause why this case should not be transferred to the Eastern District of California. Dkt. No. 18. On September 17, Heinemann filed a notice of change of address and a motion to continue the proceedings because he had not received anything from Williams. Dkt. No. 21. Heinemann did not respond to this Court's order. *Id.*

**B.   Heinemann's claims against Williams**

On April 2, 2012, Heinemann was hitchhiking on an eastbound ramp of I-80. Dkt. No. 1 at 1. Heinemann alleges that Williams approached him and asked him to leave the onramp in a loud voice. *Id.* When Heinemann questioned Williams' authority to make him leave the onramp, Williams "got real angry" and asked Heinemann to "please…leave the onramp" in "a real loud volatile voice." *Id.* Williams also radioed for back up. *Id.* A short time later, three officers from the Vallejo Police Department arrived. *Id.*

Heinemann was told to hand over his service dog, remove his pack, and put out his cigarette, all of which he did. *Id.* Heinemann then called the officers "fucking Nazi Pig[s]." *Id.* at 2. Williams told Heinemann to sit down. *Id.* As Heinemann was doing so, Williams "grabbed Heinemann by the throat and the other Vallejo officers…grabbed [him] by the wrists." *Id.* Heinemann "was slammed into the ground with [his] entire left body on the hard concrete." *Id.* Williams placed his boot on Heinemann's neck with "deadly force" while Heinemann was handcuffed. *Id.* Heinemann was arrested for obstruction of justice and evading arrest and taken to Solano County Jail. *Id.*

The force of Williams' boot irritated an existing abscess in Heinemann's left tonsil, causing the tonsil to swell and become life-threatening. *Id.* By April 3, Heinemann's tonsil had swollen so that he could not breathe, eat, or drink. *Id.* Jail officials took

Case No. 12-cv-02469 NC
ORDER TRANSFERRING FOR
IMPROPER VENUE                                           2

Heinemann to the North Bay Healthcare Emergency Room where he "underwent life threatening surgery in the throat." *Id.*  Heinemann asserts that the abscess in his left tonsil would not have become life threatening but for Williams' "brute force" and "unlawful Rodney King type take down." *Id.*

Heinemann was released from the hospital, and Solano County has dropped the charges against him. *Id.*  He alleges that Williams had no cause to arrest him, *id.* at 3, and that he was falsely charged with vehicular evading arrest even though he is epileptic and cannot drive, *id.* at 2.

**C.     Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1332 because at the time of filing, Heinemann was a resident of Michigan. Dkt. No. 1-1 at 1, 2. All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 17.

## II. STANDARD OF REVIEW

Section 1391 determines the proper venue to file a case. *See* 28 U.S.C. § 1391(b). Specifically, venue is proper in the judicial district (1) in which any defendant resides, if all defendants are citizens of the same state; (2) in which a substantial part of the events giving rise to the dispute happened; or as a last resort, (3) in which any defendant is subject to the court's personal jurisdiction. *Id.*  If a court determines that venue is improper, it must dismiss, or transfer the case "in the interest of justice." 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case is within the district court's discretion. *In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).  Generally, however, transfer is in the interests of justice because dismissal of an action that could be brought elsewhere is "time consuming and justice defeating." *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962). If a court dismisses for improper venue, it must allow leave to amend. *Bayoutree Assocs.*, 939 F.2d at 804 ("A determination of improper venue does not go to the merits of the case and therefore must be without prejudice.").

### III. DISCUSSION

**A.   Because All of the Events Alleged in Heinemann's Complaint Occurred in the Eastern District of California, Venue Is Improper.**

Williams arrested Heinemann in Solano County. Solano County is located in the Eastern District of California. Heinemann has not alleged that Williams is a resident of the Northern District of California. Accordingly, the Court TRANSFERS Heinemann's complaint to the Eastern District of California.

Because the Court transfers the action for lack of venue, it does not reach the merits of Williams' motion to dismiss for improper service.[1] The Court, therefore, DENIES as moot Heinemann's motion to continue in order to oppose the motion.

### IV. CONCLUSION

Heinemann's claims against Williams are TRANSFERRED to the Eastern District of California. Heinemann's motion to continue is DENIED as moot.

IT IS SO ORDERED.

Date: October 5, 2012            _____
                                 Nathanael M. Cousins
                                 United States Magistrate Judge

---

[1] Williams moves to dismiss or quash service under Federal Rule of Civil Procedure 12(b)(5). Dkt. No. 12. Williams argues that leaving the summons and complaint at his place of work is not consistent with leaving them at his dwelling or place of abode and therefore does not constitute proper service. *Id.* at 4. Williams also asserts that the Marshal did not attempt to serve him personally or to mail the summons and complaint. *Id.*